# STATE OF MICHIGAN

# COURT OF APPEALS

MARLO ANN LEE,

        Plaintiff-Appellee,

v

DAVID AUSTIN SMITH,

        Defendant-Appellant.

FOR PUBLICATION
May 19, 2015
9:10 a.m.

No. 320123
Genesee Circuit Court
LC No. 13-308921-DS

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

GADOLA, J.

Defendant appeals as of right from the trial court's order requiring him to pay child support of $580 a month from August 7, 2013 to May 31, 2014, while the parties' son, who had attained the age of majority, attended high school. We affirm.

The parties' child was 18 years old when plaintiff filed this action for child support. He was enrolled as a full-time student at an accredited high school, and was taking sufficient credits to graduate. Defendant argues that the trial court was not authorized to enter an order of child support after the child was 18 years old without an agreement by the parties. He argues that the trial court erred in finding that MCL 552.605b(2), which is part of the Support and Parenting Time Enforcement Act (SPTEA), MCL 552.601 *et seq.*, authorized the award of child support.

The interpretation of a statute is reviewed de novo, as a question of law. *Driver v Naini*, 490 Mich 239, 246; 802 NW2d 311 (2011). A court's primary goal when interpreting a statute is to discern legislative intent first by examining the plain language of the statute. *Id.* at 246-247. Courts construe the words in a statute in light of their ordinary meaning and their context within the statute as a whole. *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012). A court must give effect to every word, phrase, and clause, and avoid an interpretation that renders any part of a statute nugatory or surplusage. *Id.* Statutory provisions must also be read in the context of the entire act. *Driver*, 490 Mich at 247. It is presumed that the Legislature was aware of judicial interpretations of the existing law when passing legislation. *People v Likine*, 492 Mich 367, 398 n 61; 823 NW2d 50 (2012). When statutory language is clear and unambiguous, courts enforce the language as written. *Lafarge Midwest, Inc v Detroit*, 290 Mich App 240, 246-247; 801 NW2d 629 (2010). A statutory provision is ambiguous only when it irreconcilably conflicts with another provision or is equally susceptible to more than one meaning. *Id.* at 248.

MCL 552.605b was added to the SPTEA by 2001 PA 106, effective September 30, 2001. Orders of child support issued pursuant to a judgment of divorce were previously governed by MCL 552.16. In *Smith v Smith*, 433 Mich 606; 447 NW2d 715 (1989), our Supreme Court interpreted multiple provisions of Michigan's divorce laws, MCL 552.1 *et seq.*, including MCL 552.16, and the Age of Majority Act, MCL 722.51 *et seq*. The Court held that Michigan law did not authorize courts to order post-majority child support for a child over the age of 18. *Id*. at 632-633. Although the Supreme Court's decision in *Smith* prevented courts from independently ordering post-majority child support, the decision did not preclude courts from enforcing an agreement by the parties to pay such support. *Holmes v Holmes*, 281 Mich App 575, 590-592; 760 NW2d 300 (2008); *Aussie v Aussie*, 182 Mich App 454, 464; 452 NW2d 859 (1990).

In response to the Supreme Court's decision in *Smith*, in 1990, the Legislature enacted MCL 552.16a. *Rowley v Garvin*, 221 Mich App 699, 706; 562 NW2d 262 (1997). MCL 552.16a, as enacted by 1990 PA 243, provided the following:

> (2) Beginning on the effective date of this section, the court may order support for the time a child is regularly attending high school on a full-time basis with a reasonable expectation of completing sufficient credits to graduate from high school while residing on a full-time basis with the payee of support or at an institution, but in no case after the child reaches 19 years and 6 months of age. A complaint or motion requesting support as provided in this section may be filed at any time before the child reaches 19 years and 6 months of age.

> \* \* \*

> (4) Notwithstanding subsection (2), a provision contained in a judgment or an order entered under this act before, on, and after the effective date of this section that provides for the support of a child after the child reaches 18 years of age is valid and enforceable if 1 or more of the following apply:

> (a) The provision is contained in the judgment or order by agreement of the parties as stated in the judgment or order.

> (b) The provision is contained in the judgment or order by agreement of the parties as evidenced by the approval of the substance of the judgment or order by the parties or their attorneys.

> (c) The provision is contained in the judgment or order by written agreement signed by the parties.

> (d) The provision is contained in the judgment or order by oral agreement of the parties as stated on the record by the parties or their attorneys.

In 2001, the Legislature added MCL 552.605b to the SPTEA by enacting 2001 PA 106, effective September 30, 2001. The Legislature also enacted 2001 PA 107, effective September 30, 2001, which amended MCL 552.16 and repealed MCL 552.16a.[1] MCL 552.16(1) now provides, "Subject to section 5b of the [SPTEA], the court may also order support as provided in this subsection for the parties' children who are not minor children." Likewise, MCL 552.16(2) currently states that "[a]n order concerning the support of a child of the parties is governed by and is enforceable as provided in the [SPTEA], MCL 552.601 to 552.650."

As originally added to the SPTEA in 2001, MCL 552.605b was consistent with former MCL 552.16a with respect to both a court's authority to order post-majority child support and the enforceability of a judgment or order based on an agreement by the parents to provide post-majority child support.[2] MCL 552.605b provides, in pertinent part:

(1) A court that orders child support may order support for a child after the child reaches 18 years of age as provided in this section.

(2) The court may order child support for the time a child is regularly attending high school on a full-time basis with a reasonable expectation of completing sufficient credits to graduate from high school while residing on a full-time basis with the recipient of support or at an institution, but in no case after the child reaches 19 years and 6 months of age. A complaint or motion requesting support as provided in this section may be filed at any time before the child reaches 19 years and 6 months of age.

* * *

(5) A provision contained in a judgment or an order entered under this act before, on, or after September 30, 2001 that provides for the support of a child after the child reaches 18 years of age is valid and enforceable if 1 or more of the following apply:

(a) The provision is contained in the judgment or order by agreement of the parties as stated in the judgment or order.

(b) The provision is contained in the judgment or order by agreement of the parties as evidenced by the approval of the substance of the judgment or order by the parties or their attorneys.

---

[1] A similar provision, MCL 722.717a, was added to the Paternity Act, MCL 722.711 *et seq.*, by 1990 PA 244, and was repealed by 2001 PA 109, effective September 30, 2001. The Paternity Act now provides that "[s]ubject to section 5b of the [SPTEA], MCL 522.605b, the court may also order support for a child after he or she reaches 18 years of age." MCL 722.717(2).

[2] MCL 552.605b was minimally altered by 2009 PA 193.

(c) The provision is contained in the judgment or order by written agreement signed by the parties.

(d) The provision is contained in the judgment or order by oral agreement of the parties as stated on the record by the parties or their attorneys.

Defendant argues that Subsection (5) applies to, or otherwise precludes a court from imposing, a child support determination under Subsection (2) unless the parties have an agreement for post-majority child support. We reject this reading of the statute. Subsection (2) constitutes a continuation of the Legislature's initial response to our Supreme Court's decision in *Smith*, 433 Mich at 632-633, which held that a court has no jurisdiction to order post-majority child support absent an agreement by the parties, by establishing a court's limited authority to order such support. Subsection (5) does not affect the authority granted in Subsection (2), but rather independently sets forth requirements for enforcing agreements for post-majority child support in a judgment or order, regardless of whether the agreement concerns a child who satisfies the requirements for support in Subsection (2).

Viewing Subsection (5) as a limitation on Subsection (2) would prohibit courts from ordering any support for a child beyond the age of 18 absent the agreement of the parties. Such a reading would render Subsection (2) nugatory. Moreover, Subsections (2) and (5) have distinct and independent purposes. Subsection (2) permits courts, with certain conditions, to order support until a child reaches 19 years and 6 months of age, while Subsection (5) allows for orders extending beyond 19 years and 6 months, covering, for example, agreements to provide for college expenses. Examining MCL 552.605b as a whole, we conclude that defendant's proposed interpretation would contravene the Legislature's clearly expressed intent to authorize courts to order support for a child between 18 and 19-1/2 years of age who is still attending high school as provided in Subsection (2). Because Subsection (5) is not applicable to the circumstances of this case, and defendant has not challenged the trial court's determination that the requirements for post-majority child support in Subsection (2) were satisfied, we affirm the trial court's support order.[3]

Affirmed.

/s/ Michael F. Gadola
/s/ William B. Murphy
/s/ Cynthia Diane Stephens

---

[3] Defendant also argues in his brief on appeal that before a court may grant child support beyond the age of 18, "the provision must be present in an existing order or judgment," and that "[i]n the present case, no prior [order] or judgment exists." Defendant provides no explanation or authority for this argument. Accordingly, we consider it abandoned on appeal. *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).