# STATE OF MICHIGAN

# COURT OF APPEALS

ANDRE HUNTER,

Plaintiff-Appellant,

v

DTE ENERGY CORPORATE SERVICES, LLC,

Defendant-Appellee.

UNPUBLISHED
January 3, 2019

No. 339138
Wayne Circuit Court
LC No. 16-013718-CD

Before: STEPHENS, P.J., and K. F. KELLY and TUKEL, JJ.

PER CURIAM.

In this case involving claims under the Elliot Larson Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, plaintiff appeals as of right the circuit court's opinion and order denying his motion to vacate the arbitrator's award and granting defendant's motion to affirm the award. We affirm.

## I. BACKGROUND

Defendant hired plaintiff, who is African-American, in August 1999 and terminated his employment in March 2015. Defendant was on a "last chance agreement," meaning that his employer would terminate his employment for the violation of any rule or policy, when he installed a "403 meter" inside a customer's home improperly and failed to attach a vent line, resulting in a potentially hazardous gas leak within the home. Following that event, defendant terminated plaintiff's employment. Plaintiff, who had previously complained that defendant's workplace was a racially hostile environment, believed his termination was motivated by racial discrimination and was in retaliation for protected activity under the ELCRA.

In pursuit of these claims, plaintiff entered into an Arbitration Agreement (Agreement) with defendant. After discovery and a four-day arbitration hearing, the arbitrator entered an award in favor of defendant. In essence, the arbitrator found that plaintiff had failed to establish that he was treated differently than similarly situated white employees and that plaintiff had also failed to establish a causal connection between his protected activity and his termination.

The circuit court, on plaintiff's motion to vacate the award and defendant's counter-motion to affirm it, ultimately affirmed the arbitrator's decision. The circuit court opined that the arbitrator did not commit any errors of law and did not act outside the authority the

-1-

Agreement vested in him. The court further stated that the standard of review prohibited it from considering the arbitrator's factual findings.

## II. STANDARD OF REVIEW

Our role in reviewing a motion to vacate an arbitration award is extremely limited. Indeed, "[a]rbitration, by its very nature, restricts meaningful legal review in the traditional sense." *Detroit Auto Inter-Insurance Exchange v Gavin*, 416 Mich 407, 429; 331 NW2d 418 (1982). When a party claims that an arbitrator exceeded the scope of his authority, as plaintiff claims on appeal, our review is de novo and is restricted to whether it can fairly be said that the arbitrator acted "beyond the material terms of the contract from which [he] primarily [drew] [his] authority or in contravention of controlling principles of law." *Miller v Miller*, 474 Mich 27, 30; 707 NW2d 341 (2005). An error of law that invites judicial intervention "must be error so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." *Gavin*, 416 Mich at 443. The arbitrator's findings of fact, however, are not reviewable. *Id*. at 429.

## III. ANALYSIS

Plaintiff first argues that the arbitrator failed to make any specific findings of fact and to provide any legal citations in contravention of the terms of the Agreement. Plaintiff asserts that an arbitrator's factual findings must be made at a level of specificity to apprise a reviewing court of the arbitrator's choice between competing factual premises that lead to the ultimate conclusion of fact, and that the arbitrator failed to do so here.

MCR 3.602(J) governs the vacating of arbitration awards and provides that a court shall vacate such an award when the award was obtained through corruption, fraud, or other undue means; the arbitrator's apparent partiality affected a party's rights; the arbitrator exceeded his or her authority; or the arbitrator conducted the hearing in a manner that substantially affected a party's rights.

Because an arbitration agreement defines a party's rights and duties and confers upon the arbitrator the authority to act, arbitrators are bound by the materials terms of the contract from which they draw their authority. *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 496; 475 NW2d 704 (1991). "Thus, the proper role of the Court here is to examine whether the arbitrator[] ha[s] rendered an award which comports with the terms of the . . . contract." *Id.* An "error, if any, must be evident from the face of the award and so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." *Id*. at 497 (quotation marks and citation omitted). Further, Michigan law requires that "arbitral awards must be in writing and contain findings of fact and conclusions of law." *Rembert v Ryan's Family Steak Houses, Inc*, 235 Mich App 118, 165; 596 NW2d 208 (1999). Generally, however, there are no requirements concerning the scope or specificity of such findings of fact or conclusions of law. *Gavin*, 416 Mich at 429.

Paragraph 2.5 of the Agreement, on which plaintiff relies, provides:

> The award shall be in writing, signed by the Arbitrator, and contain specific findings of facts and conclusions of law and final amount of damages, if any, together with any equitable relief awarded to . . . Claimant. The Arbitrator's Award shall be final and binding, but will be subject to limited judicial review in accordance with the Michigan Uniform Arbitration Act.

By its plain language and consistent with Michigan law, ¶ 2.5 required the arbitrator to issue a written and signed opinion that would "contain specific findings of facts and conclusions of law."

At the outset, plaintiff's claim that the arbitrator exceeded his authority by failing to provide legal citations is plainly not supported by the text of ¶ 2.5 of the Agreement. Plaintiff points to no other language in the Agreement requiring the arbitrator to include such citations. Moreover, plaintiff also has not cited any Michigan law requiring an arbitrator to provide citations to authority. Consequently, we cannot agree with plaintiff that the arbitrator exceeded his authority by failing to provide citations to caselaw.

Likewise without merit is plaintiff's attempt to characterize the award as bereft of factual findings. Indeed, our review of the 11-page award shows that the arbitrator made sufficiently specific factual findings relevant to his legal conclusions. With respect to the racial discrimination claim based on disparate treatment, the arbitrator found that the record lacked any evidence that plaintiff was treated differently than a similarly situated employee of another race. The arbitrator addressed what he viewed to be plaintiff's only relevant evidence remotely related to this inquiry and specifically found that the allegedly comparable white employee was not, in fact, similarly situated to plaintiff. As to plaintiff's retaliation claim, the arbitrator pointed to specific evidence on the record showing that plaintiff's termination was not causally related to the protected activity he engaged in; there was evidence showing that plaintiff was terminated for failing to follow safety policies and procedures, that plaintiff's version of events lacked credibility, and that plaintiff had otherwise failed to proffer any evidence that the manager who demonstrated racial animus had any influence over the decision to terminate plaintiff's employment. Plaintiff's assertion that the arbitrator failed to make specific findings is without support in the record.[1]

---

[1] Plaintiff asserts that these findings fail to pass the legal test governing whether findings are sufficiently specific, citing *Ray v Mason Co Drain Comm'r*, 393 Mich 294; 224 NW2d 883 (1975). *Ray*, however, did not involve arbitration, and the parties to the Agreement did not integrate the test from *Ray*. Moreover, the test fashioned in *Ray* was formulated to allow a reviewing court to test the validity of the evidence supporting an ultimate conclusion. *Id.* at 302. A reviewing court does not test an arbitrator's factual findings in this manner, as such findings are unreviewable. See *Gavin*, 416 Mich at 429. Accordingly, *Ray* is inapposite.

Plaintiff next claims on appeal that the award should be vacated because the arbitrator made "glaring" legal errors. Plaintiff explains that the arbitrator erred when he failed to tailor the *McDonnel-Douglas*[2] test to the facts of his case, considering the facts as a whole, per the directive in *Hazle v Ford Motor Co*, 464 Mich 456; 628 NW2d 515 (2001). While relying on *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586; 886 NW2d 135 (2016), plaintiff also argues that the arbitrator committed legal error when he failed to recognize that there are more than two ways a plaintiff can prove discrimination. In particular, plaintiff asserts that the arbitrator should have considered a "similarly situated plus additional acts of discrimination" theory.

As an initial matter, we note that our review of the record reveals that the legal tests the arbitrator applied were based on theories of recovery that plaintiff advanced during the arbitration proceedings. In fact, the quoted law in the award is the same as that quoted in plaintiff's post-arbitration hearing brief. To conclude that the arbitrator committed legal error on either of these bases, then, would allow plaintiff to prevail on an alleged error that he deemed proper during the arbitration proceedings. We will not allow a party to harbor error as an appellate parachute. See *Clohset v No Name Corp*, 302 Mich App 550, 555; 840 NW2d 375 (2013).

Moreover, even assuming arguendo that plaintiff had not contributed to the alleged error he complains of on appeal, plaintiff has nonetheless failed to identify a legal error that is "so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." *Gorden Sel-Way*, 438 Mich at 497. First, to adopt plaintiff's argument that the arbitrator should have analyzed his claims under an additional theory of relief—similarly situated plus additional acts of discrimination—would put the onus on the arbitrator to create new theories of recovery on a party's behalf when that party did not raise them. As plaintiff notes, *Hecht* recognized that multiple theories of recovery are available to a civil rights claimant. *Hecht*, 499 Mich at 607-608. However, nowhere does *Hecht* require a court to sua sponte advocate on a party's behalf by considering additional theories of recovery. Indeed, the Agreement limits the arbitrator's authority in this regard, dictating that the arbitrator will resolve all claims *raised by the claimant* and requiring the claimant to submit to the arbitrator a complaint including *all* claims.

Plaintiff also asserts that the arbitrator ran afoul of *Hazle* because nowhere in the award is there any indication that the arbitrator tailored the elements of the *McDonnell-Douglas* test to the facts of his case, as directed in *Hazle*, 464 Mich at 463 n 6. "The *McDonnell Douglas* approach allows a plaintiff to present a rebuttable prima facie case on the basis of proofs from which a factfinder could infer that the plaintiff was the victim of unlawful discrimination." *Hazle*, 464 Mich at 462 (quotation marks and citation omitted). Generally, to offer a prima facie case of discrimination under this test, a plaintiff must "present evidence that (1) [the plaintiff] belongs to a protected class, (2) [the plaintiff] suffered an adverse employment action, (3) [the plaintiff] was qualified for the position, and (4) the job was given to another person under circumstances giving

---

[2] *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973).

rise to an inference of unlawful discrimination." *Id*. at 463. Once a plaintiff establishes a prima facie case of discrimination, the defendant may rebut that presumption with a legitimate non-discriminatory reason for the employment decision. *Id*. at 464. As the Court noted in *Hazle*, however, this burden-shifting test should be tailored to fit the facts of each case; the Court stated:

> [T]he facts will necessarily vary in discrimination cases. Thus, the elements of the *McDonnell Douglas* prima facie case should be tailored to fit the factual situation at hand. [*Id*. at 463 n 6.]

On its face, there is no indication that the arbitrator ran afoul of this principle. In particular, the award set out the *McDonnell-Douglas* test consistently with the evidence plaintiff presented at the arbitration hearing (that white employees were favored over black employees) and plaintiff's theory of discrimination (that he was treated differently than similarly situated employees outside the protected group); the award provided:

> In order to prevail on his claim, [plaintiff] must establish: 1) that he is a member of a protected class; 2) that he was subject to an adverse employment action; 3) that he was qualified for the job he held; 4) that he was treated differently than similarly situated employee(s) outside the protected group for the same or similar conduct.

Plaintiff does not elucidate—beyond conclusorily stating that the award lacks any indication that the arbitrator tailored the test to the "abundant facts" of his case—how the arbitrator should have altered the *McDonnell-Douglas* test to fit the facts of this case or even which facts should have been considered so as to alter the legal framework. Plaintiff also does not allege that the award would "have been substantially otherwise," i.e., different, had this supposed modified version of the burden-shifting framework been applied. Without further explanation, we consider this claim abandoned. See *Lee v Smith*, 310 Mich App 507, 513 n 3; 871 NW2d 873 (2015) (indicating that a claim may be considered abandoned when a plaintiff provides no explanation in support of an argument). In sum, plaintiff has failed to demonstrate a legal error on the face of the award that would justify our intervention.

Finally, plaintiff asserts that he met his evidentiary burden of establishing both his racial discrimination and retaliation claims. However, consideration of the substantive merits of plaintiff's arguments in these regards would require us to consider whether the evidence presented at the arbitration proceedings supported the arbitrator's factual findings. As we have noted, the applicable standard of review prohibits such an undertaking when reviewing an arbitrator's opinion. See *Gavin*, 416 Mich at 429. When a party asserts that an arbitrator exceeded his authority, we may only consider whether the arbitrator acted within the terms of the

parties' contract or committed an error of law. *Id*. at 434. We, therefore, decline to review the substantive merits of plaintiff's claims.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Cynthia Diane Stephens
/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel