*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAWN MARIE HEATON,

Plaintiff-Appellee,

v

KEVIN DAVID HEATON,

Defendant-Appellant.

UNPUBLISHED
November 12, 2025
10:50 AM

No. 374616
Lapeer Circuit Court
LC No. 24-057116-DM

Before: GADOLA, C.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

Defendant appeals as of right the divorce judgment and uniform child support order (UCSO) entered by the Lapeer Circuit Court. We vacate the UCSO, reverse certain provisions of the divorce judgment, and vacate the award of attorney fees. In all other respects, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

The parties are the parents of three children born to them during their marriage. The oldest two are legal adults. This appeal concerns custody of the third child, MJH, who turned 18 years old on October 17, 2025.

In January 2024, plaintiff left the marital home in Lapeer, taking MJH with her. Plaintiff disenrolled MJH from his high school in Lapeer and enrolled him in a high school near their new home in Davison. MJH was 16 years old at that time. Shortly after these actions, plaintiff filed a complaint for separate maintenance and defendant filed a counterclaim for divorce. Defendant represented himself in the proceedings. Plaintiff was represented by counsel. Following a series of motions concerning parenting time and custody, the trial court allowed MJH to remain in plaintiff's custody, with no parenting time for defendant. After a bench trial, the trial court awarded plaintiff sole legal and sole physical custody of MJH. Over defendant's objections, the trial court entered the judgment of divorce and UCSO that plaintiff's counsel submitted. On appeal, defendant raises numerous errors in the UCSO and judgment of divorce.

## II. PARENTING TIME AND CUSTODY

Defendant challenges the trial court's decision to hold his parenting time in abeyance and its decision to grant sole legal and physical custody to plaintiff. A circuit court has jurisdiction over the custody of a child only until that child reaches the age of 18. MCL 552.17a(1); *Weaver v Giffels*, 317 Mich App 671, 681-682; 895 NW2d 555 (2016). This Court does not decide moot issues. *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016). An issue is moot when this Court's decision can have no practical effect on a controversy or it is impossible for this Court to fashion a remedy. *Id*. at 449-450. MJH turned 18 years old on October 17, 2025. Therefore, issues regarding custody and parenting time are moot. See *Pickering v Pickering*, 268 Mich App 1, 4 n 2; 706 NW2d 835 (2005); *Hayford v Hayford*, 279 Mich App 324, 327; 760 NW2d 503 (2008).

## III. ERRORS IN UCSO

Defendant asserts multiple errors in the UCSO. This Court reviews a trial court's child-support rulings, including its orders on a request to modify child support, for an abuse of discretion. *Clarke v Clarke*, 297 Mich App 172, 178-179; 823 NW2d 318 (2012). "An abuse of discretion occurs when a court selects an outcome that is not within the range of reasonable and principled outcomes." *Borowsky v Borowsky*, 273 Mich App 666, 672; 733 NW2d 71 (2007). This Court reviews the trial court's factual findings for clear error. *Clarke*, 297 Mich App at 179. Whether the trial court properly applied the Michigan Child Support Formula is a question of law that we review de novo. *Id*. The interpretation of statutes and court rules are also questions of law that this Court reviews de novo. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

Defendant argues that the UCSO is invalid because it did not include necessary documentation to support the amount of child support ordered. The UCSO states, "Except for child care, or as otherwise ordered, support obligations for each child end on the last day of the month the child turns 18." However, a party can be ordered to provide post-majority support if the child is attending high school full time after turning 18 years old. MCL 552.605b. While the box for post-majority support was not checked on the UCSO, the receiver of child support may request post-majority support "at any time before the child reaches 19 years and 6 months of age." MCL 552.605b. Therefore, the issue of child support is not moot. See *Garrett*, 314 Mich App at 449-450.

Defendant asserts that, without documentation of plaintiff's income, he is prevented from conducting any meaningful review of the child support calculation. We agree.

At trial, when plaintiff's counsel asked defendant if he brought his year-to-date income information, defendant replied that he did, but that releasing his information was "conditional only if I have hers." The trial court replied: "[I]t's not conditional. You have to give it to him." Defendant then gave his income information to plaintiff's counsel. Defendant raised the matter again in his objections to plaintiff's proposed judgment, and afterward when he moved for enforcement of the subpoena. Defendant argued that plaintiff failed to comply with the subpoena for her tax return information. At the hearing on defendant's objections to the proposed UCSO, plaintiff's counsel stated,

> [W]e took testimony in court. Based on that testimony of both parties, I ran the calculations of child support, and he's got zero overnights. . . . And the large—one

-2-

of the larger components of the child support is my client's providing the health insurance for the minor child, and so that was factored into the child support, okay? It's around $900 a month total is what he is to pay for the child support based on the calculations.

When the trial court asked plaintiff's counsel if he provided plaintiff's income documentation to defendant before trial, plaintiff's counsel replied, "We had it here. Again, we had a trial. She brought documentation. He cross-examined her. He had a right to ask her anything on her documentation. She testified what her income was. That's what we used. We're now post trial." The trial court agreed with plaintiff's counsel that trial and discovery were over and thus denied defendant's objections and signed the judgement of divorce and UCSO.

The record is devoid of any findings of fact as to the parties' respective incomes used to calculate the amount of support ordered in the UCSO. At trial, the parties testified as to their hourly wages, but the trial court made no findings on the record indicating it based the support award on those amounts. The UCSO does not list the parties' incomes. If the trial court wanted assistance with the UCSO, it could have ordered the Friend of the Court to "investigate all relevant facts and to make a written report and recommendation to the parties and their attorneys and to the court regarding child support." MCL 552.505(h). Instead, plaintiff's counsel "ran the calculations of child support" and submitted the proposed UCSO to the trial court under the 7-day rule per MCR 2.602(B)(3). Without any findings of fact as to the parties' incomes, it is impossible to discern whether the trial court properly applied the Michigan Child Support Formula. See *Clarke*, 297 Mich App at 179. Therefore, we find the trial court abused its discretion in ordering defendant to pay child support before making any findings of fact as to the parties' incomes. See *id*. at 178-179.

Defendant also raises specific errors in the UCSO. Section 2.c of the UCSO attached to the divorce judgment appears as follows:

**2. c. Support Obligation.**

| Children supported: | 1 child | 2 ch |
|---|---|---|
| Base Support: (includes support plus or minus pr | | |
| Support: | $645.00 | $ |
| Premium adjust: | $275.00 | $ |
| Subtotal: | $920.00 | $0.00 |
| Ordinary medical: | $20.00 | $ |
| Child care: | $ | $ |
| Other: | $ | $ |
| Benefit credit: | $ | $ |
| Total: | $940.00 | $ 0.00 |

Defendant states that the "Premium adjust" figure of $275 should be the marginal amount of the premium for MJH's healthcare insurance coverage, not the total premium that plaintiff pays every month. Defendant argues that plaintiff's premium includes coverage for their older child CH's insurance, which should not be included in the calculation because CH is an adult. However, defendant states that he cannot determine what portion of the figure pays for MJH's coverage

because plaintiff did not testify about the amount and because she did not provide the documentation defendant requested in his subpoena. He also claims that the erroneous calculation causes an error in the percentages used in Section 2.e of the UCSO. Again, without any findings of fact to review, we can only conclude the trial court abused its discretion when it determined the premium amount defendant should be responsible to pay. See *id*.

Defendant also claims error in Section 3 of the UCSO form because the boxes for both plaintiff and defendant are checked, indicating that both defendant and plaintiff must provide healthcare coverage for MJH. At the trial, plaintiff testified that she had healthcare insurance. Defendant testified that he had healthcare insurance, but it did not cover MJH. The trial court did not mention healthcare coverage in its oral ruling at the conclusion of the trial. However, the judgment states that "the parties shall provide health care insurance for the benefit of the children, so long as said insurance is available at a reasonable cost or as a benefit of employment." There does not appear to be any factual basis for requiring defendant to provide healthcare insurance for MJH. Therefore, the trial court clearly erred by requiring defendant to provide healthcare insurance for MJH. See *id*.at 179.

## IV. ERRORS IN JUDGMENT OF DIVORCE

Defendant asserts that the judgment of divorce contained multiple errors. When reviewing a judgment of divorce, this Court reviews the trial court's factual findings for clear error, and then determines "whether the dispositive ruling was fair and equitable in light of those facts." *Sparks v Sparks*, 440 Mich 141, 151-152; 485 NW2d 893 (1992). A finding is clearly erroneous if this court is definitely and firmly convinced that the trial court made a mistake. *Cunningham v Cunningham*, 289 Mich App 195, 200; 795 NW2d 826 (2010). The issue whether a judgment is properly entered under MCR 2.602(B) "involves the interpretation and application of court rules, which are questions of law that this Court reviews de novo." *Jones v Jones*, 320 Mich App 248, 259; 905 NW2d 475 (2017).

Defendant states that the divorce judgment should include a provision precluding plaintiff from relocating MJH more than 100 miles away. The trial court made no reference to this request in its oral decision. This suggests that the trial court chose not to include such a provision, not that it unintentionally omitted it. Defendant is not entitled to relief for the omission. Regardless of the terms in the judgment, relocating more than 100 miles away is restricted by statute: "[A] parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued." MCL 722.31(1). Before permitting a child to be moved more than 100 miles away, the trial court must consider relevant factors as provided in MCL 722.31(4). Express incorporation of these statutory requirements into the judgment was therefore unnecessary.

Defendant next argues that the Property Division section fails to state that plaintiff must pay her portion of payments for mortgages, utilities, and property taxes for the marital home for the period between January 2024 and entry of judgment. Defendant raised this issue in his objections to the proposed judgment of divorce. There was no testimony regarding plaintiff's obligation toward mortgages, utilities, and property taxes during the period following her departure from the home. The court did not comment on her obligation in its oral decision and did not

address this in the judgment of divorce. The record shows plaintiff moved out of the marital home in January 2024. However, the judgment of divorce was not entered until December 9, 2024, which dictated the marital home be sold and the proceeds split equally between the parties. It was clear error not to address plaintiff's mortgage, property tax, and utility obligation for the marital home for the roughly eleven months between plaintiff vacating the home and the entry of the judgment.

## V. ATTORNEY FEES

Defendant argues the trial court abused its discretion in ordering him to pay $2,500 of plaintiff's attorney fees. "In a divorce action, this Court reviews for an abuse of discretion an award of attorney fees." *Skaates v Kayser*, 333 Mich App 61, 84; 959 NW2d 33 (2020). "An abuse of discretion occurs when the result falls outside the range of principled outcomes." *Cassidy v Cassidy*, 318 Mich App 463, 479; 899 NW2d 65 (2017). Findings of fact on which the trial court bases its award of attorney fees are reviewed for clear error. *Id*. "A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made." *Colen v Colen*, 331 Mich App 295, 300; 952 NW2d 558 (2020) (quotation marks and citation omitted). "To the extent that questions of law are presented, our review is de novo." *Id*.

"Michigan follows the 'American rule,' according to which attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award." *Kostreva v Kostreva*, 337 Mich App 648, 674; 976 NW2d 889 (2021) (quotation marks and citation omitted). "In domestic relations cases, attorney fees are authorized by both statute, MCL 552.13, and court rule, [currently MCR 3.206(D)]." *Colen*, 331 Mich App at 301 (quotation marks and citation omitted; alteration in original). MCR 3.206(D) provides, in relevant part, as follows:

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that:
>
> > (a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, or
> >
> > (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules.

Here, defendant argues the trial court erred by granting plaintiff's request for attorney fees because plaintiff failed to allege facts sufficient to show that either of the conditions set forth in MCR 3.206(D)(2) existed. Plaintiff testified at trial that, as of the month before trial, she had incurred approximately $6,000 in attorney fees in connection with the divorce proceedings, and requested defendant contribute. Based on the parties' testimony, plaintiff made $21 per hour, and defendant made approximately $22.30 per hour, at the time of the trial. However, plaintiff testified that she had only recently begun making that hourly rate, whereas defendant had earned approximately the same amount of money throughout the parties' marriage. The trial court ordered

defendant to pay $2,500 of plaintiff's attorney fees because defendant made "a little bit more per hour," and because defendant would "get the benefit of [plaintiff's counsel's] representation" because plaintiff's counsel was ordered to draft the judgment of divorce.

The trial court's reasoning that defendant benefited from the representation of plaintiff's counsel does not fall within the scope of MCR 3.206(D) and was therefore erroneous. There is nothing in the record that indicates plaintiff was unable to bear the expense of the action, and defendant was able to pay. MCR 3.206(D)(2)(a). The trial court's decision to grant plaintiff's request for attorney fees fell outside the range of principled outcomes and constituted an abuse of discretion. See *Cassidy*, 318 Mich App at 479.

## VI. JUDICIAL BIAS

Defendant argues that the trial court exhibited bias against him throughout the trial court proceedings. This claim lacks merit.

"Due process requires that an unbiased and impartial decision-maker hear and decide a case." *Kern v Kern-Koskela*, 320 Mich App 212, 231; 905 NW2d 453 (2017) (quotation marks and citation omitted). However, judges are presumed to be unbiased, "and the party asserting otherwise has the heavy burden of overcoming the presumption." *Id*. (quotation marks and citation omitted). Under MCR 2.003(C)(1)(a), a judge may be disqualified if the judge is biased or prejudiced for or against a party or attorney. "Judicial rulings, in and of themselves, almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion displays a deep-seated favoritism or antagonism that would make fair judgment impossible and overcomes a heavy presumption of judicial impartiality." *Kern*, 320 Mich App at 231-232 (quotation marks and citations omitted).

Here, defendant claims that the trial court exhibited a pattern of bias against him, as evidenced by the trial court's entry of adverse orders. Defendant's claims of bias are predominantly based on his disagreement with several of the trial court's decisions. "[A] party cannot establish disqualification based on bias or prejudice merely by repeated rulings against the party, even if the rulings are erroneous." *Butler v Simmons-Butler*, 308 Mich App 195, 228; 863 NW2d 677 (2014) (citation omitted). None of the trial court's rulings here displayed a "deep-seated favoritism or antagonism" such that the rulings alone overcome the "heavy presumption of judicial impartiality." *Kern* 320 Mich App at 231-232. Accordingly, defendant has failed to demonstrate judicial bias, and defendant therefore is not entitled to relief.

## VII. CONCLUSION

We vacate the UCSO and remand to the trial court for further proceedings consistent with this opinion. On remand, the trial court shall compel plaintiff to provide income documentation to re-calculate defendant's support obligation. We reverse the provisions of the divorce judgment and UCSO that require both parties to provide healthcare insurance for MJH. We vacate the award of attorney fees. On remand, the trial court shall make factual findings regarding attorney fees under MCR 3.206(D), and plaintiff's obligation for the mortgage, utilities, and property taxes associated with the marital home. The judgment of divorce is affirmed in all other respects. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock